GERTRUDE SAVAGE, Appellant, v. JENNIE M. O'BRIEN, Respondent.— Judgment reversed upon the law and the facts and new trial granted, costs to appellant to abide the event.  Finding of fact nineteenth, holding contrary to the statement with reference thereto in the trial court's opinion, is against the weight of the evidence.  If Kerwin offered to deliver to defendant the contracts, with plaintiff's signature attached, on the evening of January twenty-seventh, defendant would be bound by the contract despite the instructions to Russell as to time, and the fact that Russell permitted others to obtain plaintiff's signature.  Kelly, P. J., Manning, Young and Lazansky, JJ., concur; Kapper, J., dissents.

HARRY SCHIFFERDECKER, Appellant, v. MAY SCHIFFERDECKER, Respondent.— Order granting alimony and counsel fee modified by striking out the provision in relation to alimony, and as so modified affirmed, without costs, and without prejudice to an application for allowance of alimony in the event that plaintiff should fail to pay the amount stipulated in the separation agreement.  We think the counsel fee was not within the contemplation of the parties at the time they executed the separation agreement.  The form of action brought by the husband seeks to destroy the relation existing between the parties.  We think the wife should be supplied with means to defend such an action notwithstanding the separation agreement.  Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ., concur.

ALBERTA E. SIGRETTO, Respondent, v. R. H. S. B. HOLDING CORPORATION and SAVINGS BANK OF RICHMOND HILL, Defendants.  JOSEPH L. SIGRETTO, Appellant.— Order denying motion to vacate and set aside order directing payment of money to plaintiff and deposit of moneys to credit of appellant, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.  The vital question as to who is the owner of the amount of money secured by the mortgage is still a matter of dispute between those people, who were formerly married to each other, and this important question should be settled by a trial.  The question of the interest of the children in this mortgage is a substantial one, for if appellant's claim is true, there is a trust fund here for the children, and the mortgage money is the property of neither plaintiff nor defendant.  Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.